IN THE UNITED STATES DISTRICT COURT
IN AND FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | |
|---|---|
| SCOTT TERRY,<br><br>      Plaintiff,<br><br>vs.<br><br>MEI INVESTMENTS, LP, D/B/A MOON RIVER RANCH,<br><br>      Defendants. | Case No.: 6:21-cv-00381<br>CIVIL RIGHTS<br><br><br>**COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF AND DAMAGES**<br><br>**DEMAND FOR JURY TRIAL** |

## PLAINTIFF'S ORIGINAL COMPLAINT

Scott Terry, Plaintiff, files this Original Complaint alleging violation of Title III of the Americans with Disabilities Act and Chapter 121 of the Texas Human Resources Code.

### STATEMENT OF THE CASE

Plaintiff is a retired firefighter and emergency medical technician (EMT) who volunteered to assist with search and rescue after the bombings in New York City on September 11, 2001. He volunteered in New York City from September 11, 2001 through September 19, 2001. As a result of his service he developed life-altering disabilities, including post-traumatic stress disorder ("PTSD"), anxiety, hypervigilance, memory issues, flashbacks, and nightmares. Plaintiff's service animal, Akasha, assists Plaintiff with symptoms of his disability through a variety

of specific tasks that ameliorate the symptoms of Plaintiff's disability acquired as a result of his service following the attack on the World Trade Center and the Pentagon.

Defendant MEI Investments LP is a Texas limited partnership doing business in Texas as Moon River Ranch event center. Moon River Ranch has facilities to hold events such as corporate retreats, weddings, family reunions, private parties and other group meetings. The Ranch provides overnight-stay rooms which can be rented for occupancy during these events. The property includes over 35 overnight-stay rooms. The property has overnight rooms available in the Main Lodge of the facility. There are other outbuildings away from the main lodge that also contain rooms for overnight stays.

Defendants failed to allow Plaintiff equal access and enjoyment of the property at Moon River Ranch during a multiple-day wedding event from April 25, 2019 through April 28, 2019. Plaintiff and his family were attending the wedding of his nephew. The wedding party and the immediate family members were scheduled to stay in the main lodge.

Plaintiff and his family were originally assigned a reserved room in the Main Lodge building. Upon his arrival, however, Plaintiff learned that he was not going to be allowed to stay in the Main Lodge with the wedding party and the rest of the immediate family because of his need to be accompanied by his service dog. He was instructed that he could not bring his service dog into the Main Lodge for any

purpose because of the extra cleaning and disinfecting the facility management believed would be required.  Plaintiff had to have all but one of his meals taken to him in his room.  He was only able to attend one dinner that was held outside the banquet room.

Upon his arrival at Moon River Ranch on April 25, 2019, Plaintiff was informed that management had indicated that Plaintiff would have to stay in an outbuilding which was approximately 100-150 yards away from the main lodge.  Thinking there was a misunderstanding about his dog being a service animal, Plaintiff went to speak to the employee, believed to be the manager of the facility by the name of "Mickey", to make sure she understood that his dog was a service dog, not a pet.  Mickey was aware that his dog was a service animal but she informed Plaintiff that he could not stay at, or even enter, the lodge if his service animal was with him.

The challenge and affront by the employee, and his removal to the outbuilding believed to be called the "Bunkhouse", caused Plaintiff to experience high levels of anxiety.  He was forced to retreat to the assigned room at the Bunkhouse and was not able to attend the wedding and related wedding events.  When meals were served he had to eat his meals outside instead of going into the main lodge.  He was isolated for much of the time from April 25, 2019 through April 28, 2019, because he was unable to participate in the events without his service animal.  Additionally, as a

result of the actions taken by Defendants, he began to experience high anxiety and was forced to retreat to his room in order to reduce interactions with others. Prior to this event, Plaintiff had been working with a counselor for about two years to become more comfortable going out in public. After extensive therapy he finally reached the point where he could occasionally visit some family members who lived in the same town where he lives. He had not been able to take more extensive trips and this was the first time in over three years that he attempted an out-of-town, extended stay trip. As a result of the confrontation and humiliation he experienced by being denied full and equal enjoyment of the goods, services, facilities, privileges, advantages or accommodations by Moon River Ranch, he has not been able since that time to travel.

Plaintiff files this civil rights lawsuit for injunctive relief and damages under the Americans with Disabilities Act, as amended, and Chapter 121 of the Texas Human Resources Code. Plaintiff seeks injunctive relief, monetary damages, and attorneys' fees.

## I.     Parties

1. Mr. Terry is a Texas resident living in Houston, Harris County, Texas.

2. Defendant MEI Investments LP is a Texas limited partnership located at 1911 East Division Street, Arlington, Texas 76011.

3. Defendant Moon River Ranch is located in Satin, Falls County, Texas. The mailing address for the facility is believed to be 402 County Road 417A, Satin, Texas 76685. The ranch itself covers almost 550 acres of property in Falls County, Texas. It includes an approximately 20,000 square foot Main Lodge, a Party Barn, and several additional outbuildings and residences.

4. Defendants MEI Investments and Moon River Ranch may be served with process by service through the registered agent for service, Hussein "Sam" Mahrouq at 1911 East Division Street, Arlington, Texas 76011-7813.

## II. Jurisdiction and Venue

5. The Court has jurisdiction over this case pursuant to 28 U.S.C. §§ 1331 and 1343, plus supplemental jurisdiction of the state-law clams under 28 U.S.C. § 1367.

6. A substantial part of the events or omissions giving rise to this claim occurred in Satin, Falls County, Texas. The real property upon which the events occurred is located in this district and Plaintiff's cause of action arose in this district. Defendants' contacts are sufficient to subject Defendant to personal jurisdiction in the Western District of Texas. Venue is proper in the Western District of Texas. 28 U.S.C. § 1391.

### III.     Factual Allegations

7.     Plaintiff is a former firefighter/EMT with the White River Township Fire Department.  He was employed there as a Firefighter/EMT on September 11, 2001, when the World Trade Center and the Pentagon were attacked.  His specialized training included firefighting, medic, rescue and hazardous materials (HAZMAT).

8.     On September 11, 2001, Plaintiff, volunteered to travel from his hometown to New York City to assist with the search and rescue work at Ground Zero necessitated by the bombing of the World Trade Center.

9.     Plaintiff assisted with the search, rescue and recovery efforts in New York City from September 11, 2001 through September 19, 2001.

10.    As a result of his service at Ground Zero, Plaintiff developed PTSD, anxiety, hypervigilance, intrusive memories, dissociative reactions (flashbacks), memory issues and sleep disturbance (including night terrors). Plaintiff has a mental or physical disability that substantially limits him in one or more major life activities including but not limited to interacting with others, going to public places, sleeping, thinking, concentrating, processing information, memory, working, and the function of his brain and neurological system.

11.    Plaintiff has a physical or mental impairment that substantially limits one or more major life activities, a record of such impairment, and is regarded as having such an impairment. 42 U.S.C. § 12102 and 28 C.F.R. § 36.105.

12. Plaintiff is a person with a disability under the definitions of the Americans with Disabilities Act, as amended, 42 U.S.C. § 12102 and under Chapter 121 of the Texas Human Resources Code § 121.002(4).

13. Plaintiff's service dog is individually trained to work and perform specific tasks for the benefit of Plaintiff and to assist Plaintiff with symptoms of his disability. Akasha was trained by trainers at Puptown Houston under the Companions for Heroes program.

14. The tasks performed by Akasha are directly related to Plaintiff's disability and include:

    a. Monitoring Plaintiff's behavior and alerting if Plaintiff appears to be anxious, highly stressed, having night terrors, of showing signs of a panic attack;

    b. Monitoring for individuals approaching too closely to Plaintiff, or approaching from behind him, and alerting Plaintiff of the nearby person;

    c. Standing between Plaintiff and anyone who gets too close to Plaintiff;

    d. Approaching Plaintiff when Akasha senses stress or anxiety in order to calm Plaintiff;

    e. Awakening Plaintiff if he has a nightmare;

  f. Checking and clearing an area to determine if other people are in the building.

15. Plaintiff's service dog is a service animal under the provisions of the Americans with Disabilities Act. 28 C.F.R. § 36.104.

16. Akasha is an "assistance animal" under the provisions of Chapter 121 of the Texas Human Resources Code. Tex. Hum. Res. Code § 121.002(1).

17. Moon River Ranch is a public accommodation commercial facility operating as an event center and place of lodging. 42 U.S.C. §§ 12181(2) and (7).

18. Moon River Ranch is a commercial facility intended for nonresidential use whose operations will affect commerce. 42 U.S.C. § 12181(2).

19. Moon River Ranch is an inn, hotel, motel, or other place of lodging that has more than five rooms for rent or hire that are not actually occupied by the proprietor of the business as a residence. *Id.*

20. Moon River Ranch is a place of public gathering and place of recreation for group events such as weddings, corporate retreats and family reunions. *Id.*

21. Moon River Ranch is a "public facility" under the provisions of Chapter 121 of the Texas Human Resources Code Tex. Hum. Res. Code §121.002(5).

22. Plaintiff and his family were guests at a wedding held at Moon River Ranch from April 25, 2019 through April 28, 2019.

23. Plaintiff and his family were originally registered to stay in the Main Lodge at Moon River Ranch with other members of the immediate family and members of the wedding party.

24. During the time Plaintiff was at Moon River Ranch, his dog Akasha was under his control both by verbal commands and by being tethered to Plaintiff by use of a leash.

25. Upon his arrival at Moon River Ranch, plaintiff was informed that he would not be allowed to stay in a room at the Main Lodge due to the presence of his service animal. He was further prohibited from going into the Main Lodge at all if his service dog was with him.

26. Plaintiff spoke to a staff member to explain that Akasha is a service dog.

27. Plaintiff was still informed that Plaintiff could not stay in the Main Lodge with his dog even though the animal is a service animal and assistance animal.

28. Staff at Moon River Ranch informed Plaintiff that his dog was not allowed in the Main Lodge at all due to the expensive furniture in the Main Lodge and concerns about pet dander.

29. Moon River Ranch denied Plaintiff participation in equal benefits from the service, facility, privilege, and accommodation that is equal to that afforded to individuals without disabilities. 42 U.S.C. § 12182 and Tex. Hum. Res. Code § 121.003.

30. Moon River Ranch denied Plaintiff the opportunity to participate in or benefit from the services, facilities, privileges, advantages and accommodations of the public accommodation. 42 U.S.C. § 12182(b).

31. Moon River Ranch refused to provide Plaintiff with an appropriate accommodation and refused to modify its policy to allow Plaintiff to have equal use and enjoyment of the facilities while he was accompanied by a service animal.

32. Plaintiff's room was changed to an outbuilding, away from the Main Lodge, which had additional rooms.

33. The room Plaintiff was assigned was approximately 100-150 yards away from the Main Lodge.

34. Plaintiff was extremely embarrassed and experienced a severe crisis episode of his PTSD.

35. Plaintiff was unable to attend the wedding and related wedding events at the property as a result of the denial of access due to the use of his service animal.

36. As a result of this denial of access, and denial of equal use and enjoyment of the facilities and services, Plaintiff experienced consequences to his mental health and ability to interact in public.

37. Plaintiff had for some time worked with a counselor to become more comfortable going out in public and interacting with others.

38. Prior to April 25, 2019, Plaintiff had improved enough to occasionally visit relatives who lived in the same town.

39. Prior to leaving for the wedding at Moon River Ranch, Plaintiff had not been able to take an out-of-town trip in over three years.

40. As a result of the actions taken by staff at Moon River Ranch, Plaintiff suffered a setback in his ability to leave his home and to interact with people in public places.

## IV. Causes of Action

### A. Violations of the Americans with Disabilities Act

41. Plaintiff restates and incorporates by this reference each allegation contained in paragraphs 1 through 40 as if fully set forth herein.

42. Moon River Ranch is a commercial facility, event center, and place of lodging. 42 U.S.C. §12181(2). It is a public accommodation under Title III of the Americans with Disabilities Act. 42 U.S.C. § 12102(2)(A), 28 C.F.R. § 36.104.

43. Plaintiff has been diagnosed with post-traumatic stress disorder (PTSD), depression, and related conditions as a result of his volunteer work in search, rescue and recovery at Ground Zero after the bombings of the World Trade Center and the Pentagon on September 11, 2001.

44. Plaintiff's PTSD has lasted for several years and is likely permanent.

45. The ADA's definition of disability was expanded by the ADA Amendments Act of 2008, which became effective January 1, 2009, and which applies to any actions taking place on or after that date (as here). Unlike prior law, the definition of disability is now to be as broadly construed as possible, 42 U.S.C. § 12102(4)(A), is assessed in a condition's active state, 42 U.S.C. § (4)(D), and is assessed without regard to any mitigating measures, 42 U.S.C. § 12102(4)(E)(i).

46. Plaintiff has a "regarded as" disability because Defendants subjected him to a prohibited act based on an actual or perceived physical or mental impairment, whether or not the impairment limits or is perceived to limit a major life activity. 42 U.S.C. §§ 12102(1)(C) and (3)(A).

47. When viewed in its active state and without mitigating measures, Plaintiff's PTSD substantially limits the major life activities of sleeping, concentrating, learning, processing information, memory, communicating, interacting with outers, working, as well as the functioning of his brain and neurological systems. 42 U.S.C. § 12102.

48. Plaintiff's physical or mental impairments constitute an "actual disability" under the ADA. 29 C.F.R. § 1630.2(j)(3)(iii) ("it should easily be concluded that" post-traumatic stress disorder substantially limits brain function.)

49. When viewed in it active state and without mitigating measures, Plaintiff's depression substantially limits the major life activities of sleeping,

concentrating, thinking, learning, processing information, memory, communicating, interacting with others, working and the functioning of his brain and neurological system. 42 U.S.C. § 12102(2). His depression is also an "actual disability" under the ADA. 29 C.F.R. § 1630.2(j)(3)(iii) ("it should easily be concluded that" major depressive disorder substantially limits brain function.)

50. Plaintiff's service animal has been individually trained to perform tasks to assist Plaintiff with symptoms of Plaintiff's disability.

51. Defendants failed to modify policies, practices, or procedures to permit the use of a service animal in the Main Lodge of the business property, in violation of 42 U.S.C. §12182, 28 C.F.R. § 36.302(C).

**B. Violations of Chapter 121 of the Texas Human Resources Code**

52. Plaintiff restates and incorporates by this reference each allegation contained in paragraphs 1 through 51 as if fully set forth herein.

53. It is the policy of the State of Texas to encourage and enable persons with disabilities to fully participate in the social and economic life of the state, to achieve maximum personal independence, and to fully enjoy and use all public facilities available within the state. Tex. Hum. Res. Code § 121.001.

54. Plaintiff is a person with a disability under the terms of the Texas Human Resources Code. Plaintiff has mental or physical disabilities and health impairments that require special services. Tex. Hum. Res. Code §121.002(4).

55. Moon River Ranch is a public accommodation and commercial location to which the general public or a classification of persons from the general public is regularly, normally or customarily invited. Tex. Hum. Res. Code §121.002(5).

56. Texas state law provides that persons with disabilities have the same right as the "able-bodied" to the full use and enjoyment of any public facility in the state. No person with a disability may be denied admittance to any public facility in the state because of the person's disability. Tex. Hum. Res. Code §121.003(a) and (c).

57. Texas state law provides that no person with a disability may be denied the use of an "assistance animal". Tex. Hum. Res. Code §121.003(c).

58. Akasha is an assistance animal that is specially trained or equipped to perform tasks to help Plaintiff with symptoms of his disability. Tex. Hum. Res. Code § 121.002(1).

59. Defendants discriminated against Plaintiff by refusing to allow Plaintiff to equal access to the Main Lodge on the property of Moon River Ranch. Defendants failed to make a reasonable accommodation or modification of its policies, practices and procedures. Defendants' actions violated the terms of Chapter 121 of the Texas Human Resources Code. Tex. Hum. Res. Code §121.003(d).

60. The actions of Moon River Ranch staff caused Plaintiff mental pain, anguish, anxiety and severe stress. The effect caused Plaintiff to experience a setback in his progress under treatment to address the symptoms of his disability.

61. A person, firm, association, corporation, or other organization, or the agent of a person, firm, association, corporation, or other organization, who violates Section 121.003 of the Texas Human Resources Code, is deemed to have deprived a person with a disability of his civil liberties. Tex. Hum. Res. Code §121.004.

62. A person with a disability, deprived of his civil liberties, may maintain a cause of action for damages in a court of competent jurisdiction. Tex. Hum. Res. Code § 121.004.

## C. Attorneys' Fees

63. Plaintiff restates and incorporates by this reference each allegation contained in paragraphs 1 through 62 above as if fully set forth herein.

64. Plaintiff seeks attorneys' fees, including litigation expenses and costs, for his disability discrimination claims pursuant to 42 U.S.C. § 12205 and 28 C.F.R. § 36.505.

## V. Damages

65. Plaintiff restates and incorporates by this reference each allegation continued in paragraphs 1 through 64 above as if fully set forth herein.

66. As a result of Defendants' acts and omissions, Plaintiff has experienced mental or emotional pain and anguish and loss of enjoyment of life.

67. Defendant acted with malice when denying Plaintiff the ability to stay in the Main Lodge of the facility due to the presence of his service animal.

68. Defendant acted with conscious disregard for Plaintiff's civil rights.

69. Plaintiff requests award of compensatory noneconomic damages and exemplary punitive damages pursuant to Tex. Hum. Res. Code § 121.004(b) and relevant state law regarding damages.

## VI. Injunctive Relief

70. Plaintiff restates and incorporates by this reference each allegation contained in paragraphs 1 through 69 above as if fully set forth herein.

71. If policies are corrected to allow service animals in accordance with state and federal law, Plaintiff intends to return to the facility for any future events at Moon River Ranch to which he is invited.

72. Defendants' policies, actions, and omissions have created a deterrent effect on individuals with disabilities who use a service animal due to the barriers the person with the disability encounters.

73. Plaintiff requests injunctive relief to correct policies, provide staff training, and post appropriate notice signs, and other necessary relief, regarding acceptance of service animals at Moon River Ranch.

## VII. Demand for Jury

74. Plaintiff requests a jury for all triable issues. Fed. R. Civ. P. 38(b).

## PRAYER

Plaintiff prays for the following judgment and relief as outlined above including:

a. Injunctive relief;

b. Compensatory noneconomic damages;

c. Exemplary punitive damages;

d. Attorneys' fees, litigation expenses, and court fees; and

e. All further relief as the court deems just and proper.

Respectfully submitted,

**DISABILITY RIGHTS TEXAS**

By: _____
Denette R. Vaughn
Texas Bar No: 20521500
4747 S. Loop 289, Ste. 120
Lubbock, TX 79424
PH: (806) 765-7794
FAX: (806) 765-0496
dvaughn@drtx.org